# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THE PIAZZA FAMILY TRUST II | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 17-1704 |
| ANTHONY CIARROCCHI | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                         **November 6, 2017**

According to the parties, fraud abounded in a Floridian's purchase of a Texas insurance firm followed by a later conspiracy to remove the Florida buyer from management, replace him with the original seller and then coerce the buyer to later sell his ownership shares back to the Texas seller through economic pressure from a lender and a co-investor. The buyer claims the Texas seller, the buyer's Pennsylvania co-investor and the bank funding his purchase conspired through at least one meeting in Philadelphia. Today, the Texas seller moves to transfer venue of the buyer's third party claims against him to his Texas home based upon broad forum selection clauses in an asset purchase agreement and a later share purchase agreement requiring any proceeding between the parties which may be brought, or arise out of, in connection with or by reason of the agreements to be resolved in Texas. The wrinkle arises because the forum selection clauses are signed by only the buyer and seller, and not our other parties – the Pennsylvania co-investor and the bank. Fortunately, our court of appeals recently issued two opinions directing our analysis on choice of law and when less than all parties signed forum selection clauses. Following this guidance, we transfer the buyer's third party claims against the Texas seller arising from two commercial agreements to the agreed federal district court in Texas. The remaining claims between the buyer and his co-investor and the Bank will be resolved in this forum.

## I. Alleged facts

Florida citizen Anthony Ciarrocchi[1] decided to buy and manage Kevin W. Smith & Associates, Inc. ("KWS Associates"), a Texas insurance firm.[2] Mr. Ciarrocchi asked a Pennsylvanian, Piazza Family Trust II, to be his passive investing partner in a new Texas company known Tri-State Dealer Service, Inc. which would buy KWS Associates' assets. After the Piazza Trust invested $1,835,000 in Tri-State, Tri-State borrowed $5,000,000 from Crestmark Bank to help fund a purchase of KWS Associates from Kevin Smith for $8,151,000. Mr. Ciarrocchi and KWS Associates and Mr. Smith confirmed the terms of the sale with an asset purchase agreement[3] requiring "any proceeding between the parties that may be brought, or arise out of, in connection with or by reason of this Agreement" shall be heard exclusively in the federal and state courts located in Tarrant County, Texas.[4] After signing the asset purchase agreement, Mr. Ciarrocchi managed the business and employees of KWS Associates through Tri-State Dealer Services, Inc. and retained Mr. Smith as a consultant.[5]

After closing, Mr. Ciarrocchi discovered Mr. Smith did not disclose KWS Associates employed two convicted felons.[6] Mr. Ciarrocchi also learned KWS Associates overpaid employees and one of its employees did not have a license to sell insurance.[7] Mr. Ciarrocchi later learned its employees did not charge agency fees on accounts.[8] Mr. Ciarrocchi disclosed these issues to his co-investor Piazza Trust which viewed the disclosures "very negatively" and "decided to remove Mr. Ciarrocchi and conduct a hostile take-over."[9]

Despite these undisclosed issues, Mr. Ciarrocchi managed Tri-State towards positive results, while the Trust, Mr. Smith, and the Bank colluded to remove Mr. Ciarrocchi from management and place Mr. Smith back in charge.[10] Mr. Ciarrocchi alleges Mr. Smith met with

2

representatives from the Bank and the Trust in Philadelphia to conspire to remove Mr. Ciarrocchi from his management position and coerce him to sell his ownership shares to Mr. Smith.[11]

Mr. Smith, the Bank, and the Trust succeeded in causing Mr. Ciarrocchi to default on the Bank loan.[12] They then threatened litigation which would bankrupt Mr. Ciarrocchi.[13] These threats allegedly forced Mr. Ciarrocchi to sign a share transfer agreement confirming his sale of his Tri-State shares to Mr. Smith without consideration or release of any obligation.[14] The share transfer agreement copied the same forum selection : "the federal and state courts located in Tarrant County, Texas will be the exclusive courts of jurisdiction and venue for **any proceeding between the parties that may be brought, or arise out of, in connection with or by reason of this Agreement..."**[15]

**II.     Analysis**

After being sued in this District by his co-investor Trust, Mr. Ciarrocchi turned and sued Texans Kevin W. Smith and KWS Associates (collectively "Mr. Smith") for breach of fiduciary duty, tortious interference with existing contracts, unjust enrichment, fraudulent inducement, fraud by nondisclosure, fraudulent misrepresentation, and conspiracy of fraud.[16] Mr. Ciarrocchi's claims arise under both the asset purchase agreement starting their relationship and the share purchase agreement ending their relationship.

Mr. Smith now moves to dismiss arguing venue is improper here because "virtually" all of the conduct giving rise to Mr. Ciarrocchi's allegations occurred in Texas. Mr. Smith also moves to sever and transfer the claims against him to the Northern District of Texas under the forum selection clause. Mr. Smith also moves to dismiss under Fed. R. Civ. P. 12(b)(6) arguing Mr. Ciarrocchi released his claims when he signed the asset purchase agreement.

3

In evaluating a transfer or dismissal based on venue considerations, we first analyze whether venue is proper here under 28 U.S.C. §1391. If so, we may consider transfer under 28 U.S.C. §1404. If not, we consider dismissal or transfer under 28 U.S.C. §1406.

**A. Venue is proper here.**

Venue is proper here because Mr. Ciarrocchi's claims center on Mr. Smith's communications and agreements with the Trust and the Bank in this District.[17] Under § 1391, venue is proper "[in] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[18] The movant bears the burden of establishing improper venue.[19]

Venue is proper because a substantial part of events or omissions giving rise to the claim occurred in this District.[20] Mr. Ciarrocchi's allegations center on Mr. Smith, the Bank, and the Trust conspiring to induce Mr. Ciarrocchi to assign his ownership in Tri-State Dealer Services.[21] Mr. Ciarrocchi alleges Mr. Smith met with the Trust in Philadelphia to discuss the takeover of Mr. Ciarrocchi's shares in early 2016.[22] Mr. Ciarrocchi also alleges the Trust, Mr. Smith, and the Bank exchanged writings discussing how to induce Mr. Ciarrocchi to sell his shares.[23] Mr. Ciarrocchi's other claims against Mr. Smith arise from the same common nucleus of operative facts as his conspiracy claim—his purchase, ownership, and then forced assignment of the shares—making venue proper here over all his claims. Mr. Smith fails to meet his burden to show venue is improper in this District under Fed. R. Civ. P. 12(b)(3).[24]

Upon finding proper venue under Section 1391, we next evaluate whether transfer of claims against Mr. Smith is warranted under 28 U.S.C. §1404. Transfer under § 1404 involves, under our well known *Jumara* framework, a balancing of private and public interest factors.[25]

4

## B. The forum selection clause covers Mr. Ciarrocchi's third party claims.

The private interest factors are guided by an agreement between the parties as to where they should resolve defined disputes. In *Atlantic Marine v. U.S. Dist. Court for W. Dist. of Texas*, the Supreme Court directed we must enforce valid forum-selection clauses when adjudicating § 1404(a) transfer motions "[i]n all but the most unusual cases."[26] As each of the public interest factors weigh heavily in favor of transferring the claims against Mr. Smith to Texas or are neutral, the issue is whether the forum selection clause essentially eliminates our private interests analysis. If so, transfer is almost indisputably warranted under *Jumara*'s private and public interests.

The question then arises as to whether the parties agreed Mr. Ciarrocchi's third party claims against Mr. Smith are covered by the forum selection clause. In the wake of *Atlantic Marine*, our court of appeals in *Collins on behalf of herself v. Mary Kay, Inc*, most recently defined our analysis for addressing a forum selection clause and choice-of-law issues where the forum selection clause selects a different law than the state law where the federal court is sitting in diversity.[27]

In *Collins,* a woman residing in New Jersey worked as a beauty consultant for Mary Kay, a Texas-based company.[28] The consultant sued Mary Kay in the District of New Jersey alleging it violated New Jersey's Wage Payment Law because it misclassified her and others as independent contractors and required them to purchase a quota of Mary Kay items to remain consultants.[29] Mary Kay moved to dismiss under *forum non conveniens* because the consultant and Mary Kay agreed any dispute "relating to" their agreement would be litigated in state courts in Dallas, Texas under Texas law.[30] The court found the forum selection clause valid and dismissed the consultant's complaint under *forum non conveniens*.[31] The consultant appealed

5

arguing the agreement and its forum selection clause did not apply to her New Jersey wage payment law claim.[32]

Our court of appeals directed district courts must first look to the choice-of-law principles from the forum state to decide which body of substantive law applies to the parties' contract.[33] In *Collins*, the New Jersey district court sitting applies New Jersey's choice-of-law principles. Under New Jersey's choice of law principles, the district court applies the law selected by the parties, there Texas law.[34] The court then interpreted the forum selection clause under Texas law to determine whether the consultant's claims were covered by the forum selection clause.[35] Our court of appeals found the consultant's wage claims fell within the scope of the parties' agreement because Texas law interprets forum selection clauses with the broad "relating to" language to "encompass a variety of non-contractual claims, including statutory claims."[36] Our court of appeals held the consultant's wage claims related to the parties' agreement and finding no public interests created "unusual" or "extraordinary" circumstances, found the forum selection clause valid and affirmed the dismissal.[37]

Turning to today's issue, Mr. Ciarrocchi and Mr. Smith agreed "any proceeding between the parties that may be brought, or arise out of, in connection with or by reason of this Agreement" shall be heard in federal and state courts in Tarrant County, Texas.[38] Mr. Ciarrocchi and Mr. Smith selected Texas law and courts to resolve their disputes but, as we sit in diversity in Pennsylvania, we look to Pennsylvania's choice-of-law rules. Under Pennsylvania's choice-of-law rules, we apply the state law the parties selected in their forum selection clause to interpret the contract.[39] The parties selected Texas law so we apply Texas law.

We next determine whether under Texas law, Mr. Ciarrocchi's breach of fiduciary duty, tortious interference with existing contracts, unjust enrichment, fraud, and conspiracy of fraud

claims against Mr. Smith are covered by the forum selection clause because they arise out of and in connection with Mr. Ciarrocchi buying KWS Associates's assets or selling his Tri-State Dealer Services shares to Mr. Smith. In *Collins*, our court of appeals also interpreted a forum selection clause under Texas law and found forum selection clauses with broad language, such as "relating to", to encompass a variety of non-contractual claims in Texas.[40] The Ciarrocchi-Smith clause is broader than the clause in *Collins* because the parties agreed the Texas forum selection clause applied to any claim "aris[ing] out of, in connection with or by reason of this Agreement."[41]

The forum selection clause applies to Mr. Ciarrocchi's claims against Mr. Smith because his third party claims all arise out of, are related to, and exist by reason of the asset purchase agreement or the share purchase agreement.[42] Mr. Ciarrocchi's breach of fiduciary duty claim against Mr. Smith relates to the asset purchase agreement because Mr. Ciarrocchi alleges the parties also agreed Mr. Smith would remain with the company as a consultant.[43] Mr. Ciarrocchi's claim also falls under the asset purchase agreement because he alleges Mr. Smith failed to remedy the issues of employees who were convicted felons, employees lacked proper licensure, and other material financial issues which he had a duty to disclose under the asset purchase agreement but failed to disclose before the sale.[44]

Mr. Ciarrocchi's tortious interference with contracts, unjust enrichment, fraud, and conspiracy of fraud claims relate to both the asset purchase agreement and the share transfer agreement because they arise out of the alleged conspiracy of Mr. Smith, the Bank, and the Trust to induce him to assign his shares implicating both the asset purchase agreement and the share transfer agreement.[45] Mr. Ciarrocchi's claims are covered by the forum selection clause because

they are related to, arise out, or exist by reason of either the asset purchase agreement or the share purchase agreement.[46]

### C. Under *Howmedica*, we sever and transfer Mr. Ciarrocchi's third party claims relating to Mr. Smith and KWS Associates to the agreed Texas forum.

While Mr. Smith moves for improper venue and not transfer under § 1404, we analyze transfer under § 1404 because venue is proper in both Texas and Pennsylvania.[47] The Supreme Court held the forum selection clause should be enforced through a § 1404 transfer or dismissal under *forum non conveniens* where there are no unusual circumstances present.[48]

In the wake of *Atlantic Marine*, our court of appeals in *In re: Howmedica Osteonics Corp* also recently defined the four steps of our analysis of forum selection clauses where a plaintiff brings the same claims against multiple defendants but only the plaintiff and some defendants agreed to a specific forum.[49] In *Howmedica.*, four California sales representatives worked for Howmedica, a New Jersey corporation under an employment contract selecting venue in New Jersey as to three of the representatives and Michigan as to the fourth representative.[50]

The four employees left Howmedica and went to work for a competitor and Howmedica sued it competitor and the four employees in the District of New Jersey alleging the representatives and competitor conspired to convert its customers before the representatives resigned from Howmedica.[51] Howmedica then joined the competitor's subsidiary as a "necessary party."[52] The defendants, together, moved to transfer under § 1404 and the district court transferred to the Northern District of California finding it more convenient for the defendants and witnesses.[53]

While the parties were litigating in the District of New Jersey, the competitor's subsidiary sued Howmedica in the Northern District of California seeking a declaratory judgment

Howmedica's non-compete clause violated California law.[54] The California district court found the declaratory judgment lawsuit related to Howmedica's recently transferred claims.[55]

The district court stayed the cases because Howmedica petitioned the Court of Appeals for the Third Circuit for a writ of mandamus.[56] Howmedica argued the district court's transfer "contravenes" *Atlantic Marine* because Howmedica and the representatives had a valid forum selection clause selecting venue in New Jersey.[57]

Our court of appeals held while *Atlantic Marine* applies to the valid forum selection claim, the Supreme Court "did not have occasion to address how that general rule should apply where non-contracting parties are present, much less how it should apply where, as here, there are other complications such as competing forum-selection clauses, personal jurisdiction challenges, and allegations of necessary party status."[58] Our court of appeals then announced a four step analysis of forum selection clauses where a plaintiff brings the same claims against multiple defendants but only the plaintiff and some defendants contracted to a specific forum.[59]

1. We assume *Atlantic Marine* applies to parties who agreed to the forum selection clause and determine the proper venue for their dispute.

2. We then conduct a § 1404 analysis under *Jumara* to determine venue for the defendants who are not parties to the forum selection clause. If our analysis for factors one and two point to the same venue, we select that venue.

3. If our analysis under one and two points to different venues, we must then determine if severance is warranted to cure any jurisdictional or procedural defects.

4. If there are no defects to be cured by severance, we exercise discretion in choosing the most appropriate venue for the defendants who are not parties to the

9

forum selection clause by measuring efficiency and the non-contracting defendants' interest.[60]

In the first step, our court of appeals found *Atlantic Marine* applied to the forum selection clause between Howmedica and its three representatives who agreed to New Jersey and those claims should be litigated in the District of New Jersey.[61] The other parties were "not subject to the presumption that the claims against them should be litigated in a contractually agreed-upon forum."[62]

In the second step, our court of appeals analyzed the three non-contracting parties' public and private interests under § 1404 and found they weighed in favor of transferring Howmedica's claims against the competitor and its subsidiary to the Northern District of California and keeping the claims against the fourth sales representative in the District of New Jersey.[63] Because the court's analysis at step one and two pointed to different forums, it proceeded to step three.

In step three, our court of appeals analyzed whether severance would create defects to subject matter jurisdiction or there are indispensable parties.[64] The court held Howmedica incorrectly joined the competitor's subsidiary as a necessary party under Fed. R. Civ. P. 19(b) because the subsidiary is only an alleged joint tortfeasor.[65] The court of appeals also found the New Jersey district court improperly failed to address its lack of personal jurisdiction over the subsidiary and because it lacked personal jurisdiction those claims must be severed and transferred to the Northern District of California.[66]

In step four, our court of appeals exercised its discretion in choosing the most appropriate venue for the non-parties to the forum selection clause by measuring efficiency and the non-contracting defendants' interest. The court found efficiency favored transferring Howmedica's

claims against the competitor to the Northern District of California to be litigated with its identical claims against the competitor's subsidiary.[67] Our court of appeals found, while transferring claims against the competitor and its subsidiary but keeping the representatives' claims risks duplicative litigation, the district courts and experienced counsel can reduce or eliminate duplication with procedural mechanisms "such as common pre-trial procedures, video depositions, stipulations, etc., which can echo those used by judges in cases managed pursuant to multidistrict litigation statutes, and which can encompass joint oral argument and bellwether trials if necessary and appropriate."[68] The court also found non-contracting parties' private interests were "not unduly prejudiced" because Howmedica's claims against the competitor and its subsidiary would not be subject to any issue preclusion arising from Howmedica's claims against the representatives.[69]

Our court of appeals severed Howmedica's claims against the competitor and its subsidiary and transferred those claims to the Northern District of California but enforced Howmedica's valid forum selection clause against the three former sales representatives keeping their claims in the District of new Jersey.[70] Howmedica's claim against the fourth representative, subject to the agreed Michigan forum, also remained in the District of New Jersey because there would be "minimal additional burden" to litigating there rather than the equally inconvenient venue of Michigan (which neither party sought to enforce).[71]

Again turning back to our issues today, we restate *Howmedica's* four step analysis:

1. We assume *Atlantic Marine* applies to parties who agreed to the forum selection clause and determine the proper venue for their dispute.

11

2. We then conduct a § 1404 analysis under *Jumara* to determine venue for the defendants who are not parties to the forum selection clause. If our analysis for factors one and two point to the same venue, we select that venue.

3. If our analysis under one and two points to different venues, we must then determine if severance is warranted to cure any jurisdictional or procedural defects.

4. If there are no defects to be cured by severance, we exercise discretion in choosing the most appropriate venue for the defendants who are not parties to the forum selection clause by measuring efficiency and the non-contracting defendants' interest.

### 1. Venue for the contracting parties is in Texas.

Under *Collins*, Mr. Ciarrocchi and Mr. Smith are parties to the valid and enforceable forum selection clause mandating a Texas forum. Under *Atlantic Marine*, and finding no public interest outweighs the agreed forum in the Northern District of Texas given the governing Texas law, we must transfer Mr. Ciarrocchi's third party claims against Mr. Smith to Texas under the asset purchase agreement and share transfer agreement.

The Trust, Michael Piazza, Tony Piazza, and Crestmark are not parties to a forum selection clause in an agreement between Mr. Ciarrocchi and Mr. Smith so we proceed to step two of the *Howmedica* framework.

### 2. Private and public interests relevant to the non-contracting parties weigh in favor of a Pennsylvania venue.

Venue is proper in this District as to the claims among Mr. Ciarrocchi, the Bank, the Trust, Michael Piazza, and Tony Piazza. No party addressed or contested venue under § 1404 so we cannot conduct a detailed analysis of the private and public interest factors under *Jumara*.

But the Trust is centered in Pennsylvania and Mr. Ciarrocchi chose this forum. No other party contests venue or sought transfer.[72] We found venue proper in Pennsylvania for all Mr. Ciarrocchi's claims because he alleges the actions arose in Pennsylvania through communications and at least one meeting in Philadelphia.[73] Venue is proper in this District for the parties who did not sign the asset purchase agreement. Because steps one and two point to different forums (Texas and Pennsylvania), we move to step three of the *Howmedica* framework.

### 3. No severance required to ensure a complete resolution.

We next evaluate whether severance is necessary to cure jurisdictional or procedural defects impeding a complete resolution. We consider, among other things, presence of indispensable parties and defects in subject-matter jurisdiction, personal jurisdiction, venue, or joinder to direct our severance analysis.[74] In *Howmedica*, our court of appeals held an alleged joint tortfeasor subsidiary was not a necessary or indispensable party because Howmedica can sue it for the same claim in a separate forum.[75]

We do not need to keep Mr. Smith in this District to allow complete relief. There are no federal defects to be cured here because venue is proper in Pennsylvania and Texas, and Mr. Smith and KWS Associates are alleged tortfeasors able to be sued in either District.[76] We are not mandated to sever to cure defects, so we move to step four of the *Howmedica* framework.

### 4. Efficiency and the non-contracting parties' private interests warrant severing the third party claims against Mr. Smith from the remaining claims.

In step four of *Howmedica*, we measure efficiency and the non-contracting parties' private interests.[77] We consider the nature of interests weighing against enforcement of a forum selection clause, number of non-contracting parties to contracting parties, non-contracting parties' resources, and case management techniques reducing inefficiencies.[78] We can decline to enforce a valid forum selection clause only if we determine the strong public interest in

upholding the contracting parties' settled expectations is "overwhelmingly" outweighed by the countervailing interest.[79]

There is no strong public policy interest requiring we reject the forum selection clause.[80] The interests of efficiency favor severance and transfer of Mr. Ciarrocchi's claims against Mr. Smith because there is only one contracting party, none of the other parties object to venue, and one of the parties is a Pennsylvania resident. We are aware another busy court will litigate the same facts, but our court of appeals addressed this issue in *Howmedica* and held the risk of duplicative litigation can be reduced or eliminated with procedural mechanisms "such as common pre-trial procedures, video depositions, stipulations, etc., which can echo those used by judges in cases managed pursuant to multidistrict litigation statutes, and which can encompass joint oral argument and bellwether trials if necessary and appropriate."[81] The remaining parties' private interests are not unduly prejudiced by severance and transfer because Mr. Smith and KWS Associates are alleged joint tortfeasors and any judgment rendered against them would not have a preclusive effect for the Bank, the Trust, Michael Piazza, and Tony Piazza.[82]

We sever Mr. Ciarrocchi's claims against Mr. Smith and transfer them to the Northern District of Texas but Mr. Ciarrocchi's remaining claims against the Trust, Tony Piazza, Michael Piazza, and the Bank remain in this District.[83] As detailed in our accompanying Order and guided by our court of appeals' concerns in *Howmedica*, we expect experienced trial counsel recognize the economies of coordinating the discovery to save their clients' money and allow resolution consistent with Fed. R. Civ. P. 1.

### D. We decline to rule on Mr. Smith's motion to dismiss based on a release under Texas law.

We decline to rule on Mr. Smith's motion to dismiss for failure to state a claim based on Mr. Ciarrocchi's alleged release because the parties agreed a Texas court applying Texas law would determine the merits of their dispute.[84] Once we determine transfer is warranted under the forum selection clause, we decline to rule on the merits of Mr. Smith's arguments. Mr. Smith may renew his dismissal motion based on a release governed by Texas law in the Northern District of Texas.

### III. Conclusion

The forum selection clause is valid between Mr. Ciarrocchi and Mr. Smith and requires we sever Mr. Ciarrocchi's third party claims against Mr. Smith and KWS Associates and transfer these claims to the United States District Court for the Northern District of Texas. Because the Bank and the Trust did not object to resolving the claims here, it is in the interest of justice to keep the remaining claims here. Because Mr. Ciarrochi and Mr. Smith agreed to Tarrant County, Texas as their forum, we do not address the merits of Mr. Smith's motion to dismiss for failure to state a claim based on a release. These issues of Texas law are best resolved in the agreed forum. Consistent with our court of appeals' direction in *Howmedica*, we expect the experienced counsel will coordinate all discovery in both fora.

---

[1] There are conflicting allegations in the Complaint and Third Party Complaint as to whether Mr. Ciarrocchi is a citizen of Florida or Texas. For the purposes of this motion, we assume he is a Florida citizen.

[2] ECF Doc. No. 35, ¶18, 21.

[3] *Id.* ¶ 18, 21, ECF Doc. No. 55 at 11.

15

[4] ECF Doc. No. 55 at 81. Tarrant County is located in the Northern District of Texas with its county government (and a federal court vicinage) in Fort Worth, Texas.

[5] ECF Doc. No. 35, ¶ 23.

[6] *Id.* ¶ 24.

[7] *Id.*

[8] *Id.* ¶ 26.

[9] *Id.* ¶ 27.

[10] *Id.* ¶ 29.

[11] *Id.* ¶ 97.

[12] *Id.* ¶¶ 15, 98-100.

[13] *Id.*

[14] *Id.*

[15] ECF Doc. No. 55, p.81 of 90, ¶ 9 (emphasis added).

[16] *Id.* at 10.

[17] Venue is not proper under 28 U.S.C. §1391(b)(1) because Defendants are not all Pennsylvania residents.

[18] 28 U.S.C. §1391(b).

[19] *SKF USA Inc. v. Okkerse*, 992 F. Supp. 2d 432, 446 (E.D. Pa 2014) (citing *Myers v. Am. Dental Ass'n.*, 695 F.2d 716, 724 (3d Cir. 1982)).

[20] *Bockman v. First Am. Mktg. Corp.*, 459 Fed. Appx 157, 161 (3d Cir. 2012) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005)).

[21] ECF Doc. No. 35, ¶ 29.

[22] *Id.* ¶ 97.

[23] *Id.*

[24] *See SKF USA*, 992 F. Supp. 2d at 446 (citing *Myers*, 695 F.2d at 724).

²⁵ *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (Private interests are "the plaintiff's choice of forum; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties; the convenience of the expected witnesses; and the location of the books and records." The relevant public interests are: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; [and] the public policies of the fora").

²⁶ *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,---U.S.---, 134 S. Ct. 568, 583 (2013).

²⁷ --- F.3d ---, 2017 WL 4682108 (3d Cir. Oct. 19, 2017).

²⁸ *Id.* at *1.

²⁹ *Id.* at *1-2.

³⁰ *Id.* at *1.

³¹ *Id.* at *2.

³² *Id.*

³³ *Id.* at *4.

³⁴ *Id.* at *5

³⁵ *Id.* at *5.

³⁶ *Id. at* *6.

³⁷ *Id.* at *7.

³⁸ ECF Doc. No. 55 at 79.

³⁹ *Nationwide Mut. Ins. Co. v. West*, 807 A.2d 916, 920 (Pa. Super. 2002) (citing *Smith v. Commonwealth Nat. Bank*, 557 A.2d 775 (Pa. Super. 1989)).

⁴⁰ *Collins*, 2017 WL 4682108 at *6.

⁴¹ ECF Doc. No. 55 at 81.

⁴² *See Collins*, 2017 WL 4682108 at *6; *see also Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 263 (Tex. App. 2010) (finding Texas court holding breach of fiduciary duty and fraud

claims encompassed in contracts); *see In re Longoria*, 470 S.W.3d 616, 628 (Tex. App. 2015) and *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701-02 (Tex. App. 2010) (reasoning forum selection clause encompass tortious interference, unjust enrichment, and conspiracy of fraud claims); *see also Loya v. Loya*, 507 S.W.3d 871 (Tex. App. 2016).

[43] ECF Doc. No. 35, ¶ 40.

[44] *Id.* ¶ 42.

[45] *Id.* ¶¶ 47-48, 51-53, 63-100.

[46] *See Collins*, 2017 WL 4682108 at *6 (quoting *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2002 WL 418206, at *2 (Tex. App. 2002). (In sum, the applicability of a forum selection clause to a plaintiff's statutory claims "d[oes] not turn on the presence of contractual claims," but rather turns on "the language of the particular forum selection clause to which the parties agreed.").

[47] Assuming Mr. Ciarrocchi is a resident of Florida, venue would be proper in Texas because Mr. Smith is a resident of Texas and Mr. Ciarrocchi is a resident of Florida. *See* ECF Doc. No. 1, ¶3; *see also* ECF Doc. No. 35, ¶¶ 5, 6. If the district court in the Northern District of Texas later determines both parties reside in Texas, it may then need to dismiss the case as lacking diversity jurisdiction and the two Texas parties may be able to timely proceed in Texas state court.

[48] *Atlantic Marine*, 134 S.Ct. at 581.

[49] *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 403 (3d Cir. 2017).

[50] *Id.* at 398.

[51] *Id.*

[52] *Id.*

[53] *Id.*

[54] *Id.* at 399.

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.* at 401.

[59] *Id.* at 403.

[60] *Id.* at 404-05 (citing *Jumara*, 55 F.3d at 879; *Atlantic Marine* 134 S.Ct. at 583; *Rolls Royce*, 775 F.3d at 681; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006)).

[61] *Id.* at 406.

[62] *Id.* at 407.

[63] *Id.* at 408.

[64] *Id.*

[65] *Id.* at 409.

[66] *Id.*

[67] *Id.*

[68] *Id.* at 409 (citing *Rolls Royce*, 775 F.3d at 681); *see also Excentus Corp. v. Giant Eagle, Inc.*, No. 13-178, 2014 WL 923520, at *10-11 (W.D. Pa. Mar. 10, 2014).

[69] *Id.* at 410.

[70] *Id.* at 411

[71] *Id.*

[72] ECF Doc. No. 1, ¶ 1.

[73] ECF Doc. No. 35, ¶97

[74] *Howmedica*, 867 F.3d at 408.

[75] *Id.*

[76] *Id.* at 409 (citing *Huber v. Taylor*, 532 F.3d 237, 250 (3d Cir. 2008)).

[77] *Id. Howmedica*, 867 F.3d at 409.

[78] *Id.*

[79] *Id.* (citing *Atlantic Marine*, 134 S.Ct. at 581, 583).

[80] *Arro Consulting, Inc. v. Bennett, Brewer & Assocs., LLC*, No. 1673 MDA 2016, 2017 WL 3865822, at *3 (Pa. Super. Sept. 5, 2017).

[81] *Howmedica*, 867 F.3d at 409 (citing *Rolls Royce*, 775 F.3d at 681); *see also Excentus Corp.*, 2014 WL 923520, at *10-11.

[82] *Id.* at 400 (citing *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S.Ct. 1293, 1202 (2015); *Huber*, 532 F.3d at 250.

[83] According to the complaint and answer, Mr. Ciarrocchi is a resident of Florida and Mr. Smith is a resident of Texas, which appears to allow diversity jurisdiction to continue to exist in Texas. *See* ECF Doc. No. 1, ¶3; *see also* ECF Doc. No. 35, ¶¶ 5, 6.

[84] *See Union Elec. Co. v. Energy Ins. Mut. Ltd.*, No. 10-1154, 2014 WL 4450467, at *6 (E.D. Mo. Sept. 10, 2014) (court found transfer warranted under 28 U.S.C. § 1404(a) based on the parties' forum selection clause and declined to address defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)).